Filed 1/13/23 P. v. Aguirre CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NOEL ANUAR AGUIRRE,<br><br>    Defendant and Appellant. | G061758<br><br>(Super. Ct. No. 05SF0271)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The trial court denied defendant Noel Anuar Aguirre's Penal Code section 1170.95 petition seeking to vacate his two attempted murder convictions (now Pen. Code, § 1172.6).[1] The court denied the petition because "the jury specifically found that the attempted murders were committed willfully, deliberately, and with premeditation and that petitioner personally discharged a firearm causing great bodily injury."

Aguirre filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Aguirre did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) Thus, we affirm the order of the trial court.

I

PROCEDURAL HISTORY

In 2007, a jury convicted Aguirre of two counts of attempted premeditated murder and one count of street terrorism. The jury found true allegations that Aguirre committed the attempted murders for the benefit of a criminal street gang, and personally discharged a firearm causing great bodily injury. The court found true a prior strike allegation. The court sentenced Aguirre to 50 years to life, plus nine years. This court affirmed the judgment as modified. (*People v. Aguirre et al.* (Nov. 19, 2008, G039307) [nonpub. opn.].)

In March 2022, Aguirre filed a postjudgment petition seeking to vacate his attempted murder convictions and to be resentenced. (§ 1172.6.) The prosecution filed a

---

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

2

response, which included a copy of the information, the jury instructions used in the 2002 trial, a copy of the verdict forms, and the underlying unpublished opinion.

In August 2022, the trial court conducted a prima facie hearing and denied Aguirre's petition in a written ruling:  "Without reviewing the facts underlying petitioner's conviction, the record of conviction clearly establishes that petitioner was the actual perpetrator of the attempted murder and that he acted with the intent to kill.  The jury was never instructed on the natural and probable consequences doctrine."  Aguirre filed a notice of appeal.

## II

## DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  Generally, "an arguable issue on appeal consists of two elements.  First, the issue must be one which . . . is meritorious.  That is not to say that the contention must necessarily achieve success.  Rather, it must have a reasonable potential for success.  Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment."  (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, after independently reviewing the record, we have similarly found no arguable issues.  (See *Wende*, *supra*, 25 Cal.3d at p. 442, fn. 3.)  The absence of an instruction on the natural and probable consequences doctrine and the jury's true finding on the firearm enhancement confirms Aguirre is ineligible for relief under section 1172.6

as a matter of law.[2] Thus, the trial court properly denied the section 1172.6 petition. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

## III

## DISPOSITION

The order is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.

---

[2] It is well established that "the felony-murder rule is inapplicable to attempted murder as well as aiding and abetting an attempted murder." (*People v. Patterson* (1989) 209 Cal.App.3d 610, 614.)